**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INTENT IQ, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ALPONSO INC. d/b/a LG AD SOLUTIONS,<br><br>Defendant. | Case No.<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**
**AGAINST LG AD SOLUTIONS**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Intent IQ, LLC ("Intent IQ" or "Plaintiff") make the following allegations against Defendant Alphonso Inc.[1] d/b/a LG Ad Solutions ("LG Ad Solutions" or "Defendant"):

## INTRODUCTION AND PARTIES

1. This complaint arises from Defendant's unlawful infringement of the following United States patents, which generally relate to novel internet / network-based advertising systems and methods: United States Patent Nos. 8,677,398 (the "'398 patent") and 12,457,388 (the "'388 patent") (collectively, the "Asserted Patents"). Intent IQ owns the '398 and '388 patents and holds all enforcement rights.

[1] References to Alphonso shall be construed as references to LG Ad Solutions, reflecting the rebranding that occurred circa 2021. *See, e.g.*, https://lgads.tv/press_release/lg-ad-launches-unified-platform-for-connected-tv-media-and-measurement/ ("Alphonso rebrands as LG Ad Solutions.")

2. Intent IQ, LLC is a Delaware limited liability company, having its place of business at 37-18 Northern Blvd. Suite 404, Long Island City, NY, 11101.

3. Intent IQ is a leading company in the field of cross-device-based ad targeting, retargeting, audience extension, and attribution. Intent IQ's "Dynamic Device Map" identifies a given user across multiple device types, including laptops, desktops, smartphones, tablets, and televisions, so as to assist advertisers in delivering targeted ads to consumers on all of their screens. Intent IQ can facilitate ad targeting based on profile data aggregated from activity on any of a user's screens, as well as measure the impact of previously delivered ads on the same or different screen.

4. On information and belief, Defendant is a Delaware corporation with a principal place of business at 444 Castro St. Mountain View, CA 94041.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant in this action because Defendant is incorporated under the laws of the state of Delaware, has committed acts within this District giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant has committed and continues to commit acts of infringement in this District by, among other things using products and services that infringe the Asserted Patents.

7. Venue is proper in this District because Defendant is incorporated under the laws of the State of Delaware.

## LG AD SOLUTIONS ACCUSED INSTRUMENTALITIES

8. As used herein, "LG Ad Solutions Accused Instrumentalities" or "Accused Instrumentalities" includes without limitation the LG Ad Solutions platform and related components, including but not limited to components such as the LG Ad Solutions Device Graph and LG Ad Solutions' household device graph.

9. LG Ad Solutions is "incorporated as Alphonso Inc." *See* https://lgads.tv.

10. On information and belief, in March 2021, Alphonso, Inc. rebranded as LG Ad Solutions. *See* https://lgads.tv/press_release/lg-ad-launches-unified-platform-for-connected-tv-media-and-measurement/ ("Alphonso rebrands as LG Ad Solutions in transformation to exclusive provider of premium LG CTV ad inventory combined with TV data for activation, measurement, and attribution across CTV, linear TV, and digital").

11. In a March 2, 2021 press release, LG Ad Solutions describes itself as a "Unified Platform for Connected TV Media and Measurement." https://lgads.tv/press_release/lg-ad-launches-unified-platform-for-connected-tv-media-and-measurement/. The press release further notes that "[t]he LG Ad Solutions platform gives advertisers a single source of premium connected TV inventory from 20 million smart TVs in the U.S., combined with cross-screen targeting data from eight different smart TV and connected TV brands." *Id.*

12. In a May 23, 2022 Serge Matta, President of LG Ad Solutions announced that "we are creating something called the Household Graph. So long as you have an LG device in your household, you are part of an LG household and then we can build a graph of those households and a DSP can use that to serve up ads to that household, and not necessarily on an LG device either." https://www.tvrev.com/news/how-guaranteed-business-outcomes-are-helping-lg-ads-solutions-make-its-mark.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 8,677,398**

13. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

14. U.S. Patent No. 8,677,398, titled “systems and methods for taking action with respect to one network-connected device based on activity on another device connected to the same network,” issued on March 18, 2014. A true and correct copy of the ’398 patent is attached as Exhibit 1.

15. On information and belief, Defendant’s Accused Instrumentalities directly infringe, literally and under the doctrine of equivalents, by performing one or more method claims of the ’398 patent.

16. Defendant, through the Accused Instrumentalities, performs all claim limitations of one or more method claims of the ’398 patent. By way of example, a claim chart comparing independent method claim 13 of the ’398 patent to Defendant’s infringing activity is attached as Exhibit 2, which is hereby incorporated by reference in its entirety.

17. By using the Accused Instrumentalities in the United States, Defendant has injured Plaintiff and is liable for infringement of the ’398 patent pursuant to 35 U.S.C. § 271.

18. As a result of Defendant’s infringement of the ’398 patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant’s infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

19. Plaintiff is entitled to past damages for Defendant's infringement of the '398 patent. 35 U.S.C. § 287 does not apply to this case because Plaintiff has only asserted method claims of the '398 patent.

20. Defendant's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '398 patent, and, specifically, enjoining further use that come within the scope of the patent claims.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 12,457,388

21. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

22. U.S. Patent No. 12,457,388, titled "recording online activity based on viewing or interacting with television advertisements," issued on April 2, 2024. A true and correct copy of the '388 patent is attached as Exhibit 3.

23. On information and belief, Defendant's Accused Instrumentalities directly infringe, literally and under the doctrine of equivalents, by performing one or more method claims of the '388 patent.

24. Defendant, through the Accused Instrumentalities, performs all claim limitations of one or more method claims of the '388 patent. By way of example, a claim chart comparing independent method claim 1 of the '388 patent to Defendant's infringing activity is attached as Exhibit 4, which is hereby incorporated by reference in its entirety.

25. By using the Accused Instrumentalities in the United States, Defendant has injured Plaintiff and is liable for infringement of the '388 patent pursuant to 35 U.S.C. § 271.

26. As a result of Defendant's infringement of the '388 patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

27. Plaintiff is entitled to past damages for Defendant's infringement of the '388 patent. 35 U.S.C. § 287 does not apply to this case because Plaintiff has only asserted method claims of the '388 patent.

28. Defendant's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '388 patent, and, specifically, enjoining further use that come within the scope of the patent claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendant has directly infringed the '398 and '388 patents, either literally or under the doctrine of equivalents;

b. A permanent injunction prohibiting Defendant from further acts of infringement of the Asserted Patents;

c. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the Asserted Patents;

d. A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest;

e. A judgment and order finding that this is an exceptional case within the meaning

of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendant; and

f. Any and all other relief as the Court may deem appropriate and just under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

Dated: October 28, 2026

Respectfully submitted,

FARNAN LLP

*/s/ Michael J. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff*

Of Counsel:

Reza Mirzaie
Marc A. Fenster
Brian D. Ledahl
Adam S. Hoffman
James A. Milkey
Philip X. Wang
Susan Y. Tull
James Tsuei
Jonathan Ma
Joshua M. Scheufler
Daniel B. Kolko
Mackenzie Paladino
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Tel: 310-826-7474
Fax: 310-826-6991
rmirzaie@raklaw.com
mfenster@raklaw.com
bledahl@raklaw.com
ahoffman@raklaw.com
jmilkey@raklaw.com
stull@raklaw.com
pwang@raklaw.com
jtsuei@raklaw.com
jma@raklaw.com

jscheufler@raklaw.com
dkolko@raklaw.com
mpaladino@raklaw.com